IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAHID TURNER, #332-254             :

    Petitioner                             :

v.                                  :   CIVIL ACTION NO. RDB-14-1760

J. MICHAEL STOUFFER, et al.,        :

    Respondents                            :

## MEMORANDUM OPINION

Respondents move to dismiss Shahid Turner's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 3). Turner has responded, arguing his case is not statutorily time-barred.[1] He also raises an argument of entitlement to equitable tolling by attributing some of the delay in filing to confusion allegedly caused by inaccurate docketing in the state court.[2] (ECF No. 5). For reasons set forth herein, the Court shall require further SUPPLEMENTAL BRIEFING from the parties.

### Procedural History

#### State Court Proceedings

On October 26, 2005, a jury sitting in the Circuit Court for Montgomery County convicted Turner of armed robbery, first-degree assault, conspiracy to commit armed robbery, and illegal use of a handgun. (ECF No. 3-1, p. 12). He was sentenced on November 30, 2005 to terms of incarceration totaling forty years. (ECF No. 3-1, p. 13). On May 31, 2007, the Court

---

[1] Unless specified herein, all filing dates cited in this Memorandum Opinion are taken from the Montgomery County Criminal Circuit Court docket, found at ECF No. 3-1.

[2] Turner moved to withdraw his writ of habeas corpus pending completion of appellate review of his motion to reopen state post-conviction proceedings. (ECF No. 6). He later moved to strike the Motion to Withdraw. (ECF No. 8). The Motion to Strike is granted and the Motion to Withdraw is denied.

of Special Appeals vacated Turner's conviction and sentence for first-degree assault,[3] but otherwise affirmed Turner's judgment.[4] (ECF No. 3-2). The Court of Appeals of Maryland denied certiorari review on September 14, 2007.[5] Turner did not seek further review in the United States Supreme Court; thus, his judgment of conviction became final for direct appeal purposes on December 13, 2007, when the time for such filing expired. *See* Sup. Cr. Rule 13.1 (certiorari petition must be filed within 90 days of date of judgment from which review is sought).

The parties dispute when Turner first filed a petition for post-conviction relief in the Montgomery County Circuit Court. Examination of the record supports Turner's statement that he filed his post-conviction petition on June 8, 2008. (ECF No. 1, p. 3). The State successfully moved for an extension of time to respond to the post-conviction petition on July 1, 2008. (ECF No. 3-1, p. 18). The post-conviction petition was thrice amended and supplemented, on January 7 and December 29, 2009 and January 15, 2010. (*Id.*, pp. 19 and 20). Following an April 6, 2010 hearing, the Circuit Court denied post-conviction relief on November 8, 2010. (*Id.*, pp. 22 and 23).

Turner's application for leave to appeal the denial of post-conviction relief, filed on December 10, 2010,[6] was dismissed by the Circuit Court on March 29, 2011, as untimely.[7] (*Id.*,

---

[3] The intermediate appellate court found that the first-degree assault conviction merged with the robbery conviction. (ECF Nos. 3-2 and 3-3).

[4] On December 20, 2007, the Circuit Court, at the request of the Department of Public Safety and Correctional Services, held a hearing and amended Turner's commitment order to reflect the sentence directed by the Court of Special Appeals. (ECF No. 3-1, p. 18). Turner did not appeal. As previously noted, on November 7, 2013, the Court of Special Appeals nullified the Circuit Court's action, stating that it was not authorized by the prior appellate mandate. (ECF No. 3-3).

[5] *See Turner v. State*, 401 Md. 174 (2007).

[6] Turner contends that his application for leave to appeal was timely filed on November 28, 2010, twenty days after the denial of post-conviction relief. (ECF No. 5, p. 5, ¶ 2, B. The docket reveals, however, that the application for leave to appeal was not received by the Circuit Court until December 10, 2010. (ECF No. 3-1, p. 23).

p. 23). Turner then unsuccessfully moved the Circuit Court to correct the Show Cause Order (*id.*, p. 23, docket entries of April 7 and April 13, 2011), before filing a May 24, 2011, notice of appeal directly to the Court of Special Appeals. (*Id.*). The Court of Special Appeals declined further review in an unreported July 24, 2012 opinion. (ECF No. 3-1, p. 24, docket entry dated October 23, 2012).

Turner's motion to correct an illegal sentence was filed on February 27, 2012, and denied by the Circuit Court on April 2, 2012. (*Id.*, p. 24). Turner appealed. (*Id.*). In an unreported opinion filed on November 7, 2013, the Court of Special Appeals granted relief, holding that the proceeding that occurred on December 20, 2007 was a nullity, because it was not authorized by the court's May 31, 2007 opinion. The appellate court further explained the effect of its May 31, 2007 mandate with respect to Turner's sentence. (ECF No. 3-2). Additional review of the motion to correct an illegal sentence was denied by the Court of Appeals on February 14, 2014. (ECF No. 3-3).

Federal Habeas Corpus Proceedings

Turner seeks federal habeas corpus relief by asserting ineffective assistance of trial and post-conviction counsel and the violation of the Eighth Amendment with regard to the length of his sentence, which he claims was improperly modified and increased by the Circuit Court.[8]

---

[7] Turner's challenge to the Circuit Court's order striking his application for leave to appeal as untimely, filed on May 24, 2011, was denied by the Court of Special Appeals on July 24, 2012. The mandate issued August 24, 2012. (*Id.*, p. 24; ECF No. 5, pp. 10-11).

[8] The Court notes that Turner was granted relief with regard to his claim concerning improper upward modification of sentence on November 7, 2013, when the Court of Special Appeals held that the Circuit Court acted without authority in restructuring Turner's sentences, and corrected any sentencing ambiguity by explicitly recalculating Turner's sentences, resulting in a modified 35-year term of incarceration. The claim as presented in the state courts focused solely on interpretation of Maryland rules and procedure, and not the Eighth Amendment. (ECF No. 3-3, pp. 5-6). As this claim implicates state – not federal – law, it is not cognizable on federal habeas corpus review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (claim regarding admissibility of evidence that neither relied upon a constitutional provision, nor mentioned a constitutional

(ECF No. 1, pp. 5-7). His Petition is signed May 27, 2014 (*id.,* p. 8), and is deemed filed on that date. *See Houston v. Lack,* 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department,* 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey,* 988 F. Supp. 917, 919-920 (D. Md. 1998).

## Analysis

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is, however, tolled while properly filed post-conviction proceedings or other collateral review proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi,* 131 S.Ct. 1278, 1283 (2011).

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run on December 13, 2007, and was tolled on June 8, 2008, when Turner filed for post-conviction review. At this juncture, 177 days (more than five months) of the 365-day limitations period had expired. Circuit Court review of post-conviction proceedings was completed on December 8, 2010.

Respondents argue that the application for leave to appeal was not properly filed; thus, Turner's post-conviction remedies became final on December 8, 2010, when the time for seeking

---

right as infringed, did not state federal claim). Furthermore, the claim as presented here appears to implicate the procedural default doctrine, thus precluding federal habeas corpus review.

leave to appeal expired.[9] Turner refutes this argument, claiming he is entitled to tolling of the limitations period based on several ambiguities and errors in the state record, none of which is attributable to him.[10] (ECF No. 5, pp. 3-6 and attachments thereto).

Turner's argument is persuasive. The January 19, 2011 Show Cause Order clearly lists Turner's name and criminal case number in the caption, but references "appellant, Patrick Keith Holmes," as the individual who failed to timely file an application for leave to appeal. (ECF No. 5, p. 13). In a letter dated January 25, 2011, Turner asked the Clerk to clarify the obvious error. (*Id.*, p. 14). Two months passed without clarification before the appeal was summarily dismissed by the Circuit Court on March 29, 2011. Turner then unsuccessfully moved the Circuit Court to correct the Show Cause Order (*id.*, p. 23, docket entries of April 7 and April 13, 2011), before filing a May 24, 2011, notice of appeal directly to the Court of Special Appeals.11 (*Id.*). Turner further notes that in its unreported July 24, 2012 opinion, the Court of Special Appeals states that "[t]he application of Shahid Turner for leave to appeal from a denial of petition for post conviction relief, having been read and considered, is denied."[12] (ECF No. 5, pp. 10-11). He contends that this language demonstrates that the intermediate appellate court did not find his application for leave to appeal untimely, but instead examined the merits of his application for leave to appeal.

---

[9] Maryland Rule 8-204(b) provides that an application for leave to appeal must be filed within 30 days after the entry of judgment or the order from which the appeal is sought.

[10] In order to be entitled to equitable tolling, Turner must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post judgment remedies, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

[11] The nature of the "appeal" is unclear, and neither party provides a copy of the pleading. Thus, it is impossible to determine whether the Court of Special Appeals ruled on an appeal of the denial of post-conviction relief, or on an "appeal" of the Circuit Court's determination that Turner's notice of appeal of the denial of post-conviction relief was untimely. The Court welcomes clarification on this issue.

[12] The mandate issued on August 24, 2012. (ECF No. 3-1, p. 25, entry of October 24, 2012).

Turner was not idle while awaiting appellate review of the denial of post-conviction relief. Acting on his own behalf, Turner filed a motion to correct an illegal sentence pursuant to Maryland Rule 4-345(a) in the Circuit Court on February 27, 2012. (ECF No. 3-1, p. 24). The motion triggered appointment of counsel on February 1, 2013 (*id.,* p. 25), and resulted in clarification and correction of his sentence. This proceeding became final on February 14, 2014, the date on which the Maryland Court of Appeals declined further review. (ECF No. 3-2 and 3-3).

Under Maryland law, such motion implicates the revisory power of the court and may be filed at any time. Respondents do not address whether the pendency of this motion provides a basis for statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)1)(A) based on *Wall v Kholi*, 562 U.S.\_, 131 S.Ct. 1278, 1286-87 (2011) and its progeny. They shall address this issue and the other concerns raised herein by way of supplemental briefing.

A separate Order follows.

MARCH 13, 2015
Date

*/s/ Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE