IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAHID TURNER, #332-254
    Petitioner                    :

v.                                         :      CIVIL ACTION NO. RDB-14-1760

J. MICHAEL STOUFFER, et al.,    :
    Respondents

## MEMORANDUM OPINION

Respondents initially sought to dismiss Shahid Turner's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 3). Turner responded, arguing his case is not statutorily time-barred[1] and attributing the delay in filing to confusion allegedly caused by inaccurate docketing in the state court,[2] thereby entitling him to equitable tolling. (ECF No. 5). In a March 13, 2015 Memorandum Opinion and Order, this Court required additional briefing by the parties on the issue of equitable tolling. (ECF Nos. 9 and 10).

The parties have complied. (ECF Nos. 16-19). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall DISMISS the Petition as time-barred and DENY a Certificate of Appealability.

### Procedural History

On October 26, 2005, a jury sitting in the Circuit Court for Montgomery County convicted Turner of armed robbery, first-degree assault, conspiracy to commit armed robbery, and illegal use of a handgun. (ECF No. 3-1, p. 12). He was sentenced on November 30, 2005,

---

[1] Unless specified herein, all filing dates cited in this Memorandum Opinion are taken from the Montgomery County Criminal Circuit Court docket, found at ECF No. 3-1.

[2] Turner moved to withdraw his Petition for Writ of Habeas Corpus pending completion of appellate review of his Motion to Reopen State Post-Conviction Proceedings. (ECF No. 6). He later moved to strike the Motion to Withdraw. (ECF No. 8). The Motion to Strike was granted and the Motion to Withdraw was denied.

to terms of incarceration totaling forty years. (ECF No. 3-1, p. 13). On May 31, 2007, the Court of Special Appeals vacated Turner's conviction and sentence for first-degree assault,[3] but otherwise affirmed Turner's judgment.[4] (ECF No. 3-2). The Court of Appeals of Maryland denied certiorari review on September 14, 2007.[5] Turner did not seek further review in the United States Supreme Court; thus, his judgment of conviction became final for direct appeal purposes on December 13, 2007, when the time for such filing expired. *See* Sup. Cr. Rule 13.1 (certiorari petition must be filed within 90 days of date of judgment from which review is sought).

The parties dispute when Turner first filed a petition for post-conviction relief in the Montgomery County Circuit Court. Examination of the record supports Turner's statement that he filed his post-conviction petition on June 8, 2008. (ECF No. 1, p. 3). The State successfully moved for an extension of time to respond to the post-conviction petition on July 1, 2008. (ECF No. 3-1, p. 18). The post-conviction petition was thrice amended and supplemented, on January 7 and December 29, 2009 and January 15, 2010. (*Id.*, pp. 19 and 20). Following an April 6, 2010 hearing, the Circuit Court denied post-conviction relief on November 8, 2010. (*Id.*, pp. 22 and 23). Turner's application for leave to appeal the denial of post-conviction relief, filed on December 10, 2010,[6] was dismissed by the Circuit Court on March 29, 2011, as untimely. (*Id.*,

---

[3] The intermediate appellate court found that the first-degree assault conviction merged with the robbery conviction. (ECF Nos. 3-2 and 3-3).

[4] On December 20, 2007, the Circuit Court, at the request of the Department of Public Safety and Correctional Services, held a hearing and amended Turner's commitment order to reflect the sentence directed by the Court of Special Appeals. (ECF No. 3-1, p. 18). Turner did not appeal. On November 7, 2013, the Court of Special Appeals nullified the Circuit Court's action, stating that it was not authorized by the prior appellate mandate. (ECF No. 3-3).

[5] *See Turner v. State*, 401 Md. 174 (2007).

[6] Turner contends that his application for leave to appeal was timely filed on November 28, 2010, twenty days after the denial of post-conviction relief. (ECF No. 5, p. 5, ¶ 2, B. The docket reveals, however, that the application for leave to appeal was not received by the Circuit Court until December 10, 2010. (ECF No. 3-1, p. 23).

p. 23). Turner's challenge to this dismissal striking the application as untimely, filed on May 24, 2011, was denied by the Court of Special Appeals on July 24, 2012. The mandate issued August 24, 2012. (*Id.,* p. 24; ECF No. 5, pp. 10-11).

While post-conviction appellate review was pending, Turner on February 27, 2012, filed a motion to correct an illegal sentence. That motion was denied by the Circuit Court on April 2, 2012, and Turner appealed. (*Id.* p. 24*).* In an unreported opinion filed on November 7, 2013, the Court of Special Appeals held that the re-sentencing proceeding that occurred on December 20, 2007, was a nullity, because it was not authorized by that court's May 31, 2007, opinion. The appellate court further explained the effect of its May 31, 2007, mandate with respect to Turner's sentence. (ECF No. 3-2). Additional review of the motion to correct an illegal sentence was denied by the Court of Appeals on February 14, 2014. (ECF No. 3-3).

On May 27, 2014, Turner signed his federal Petition,[7] which was received by the Clerk on May 30, 2015. (ECF No. 1 at 1, 8). Turner asserts ineffective assistance of trial and post-conviction counsel.[8] (ECF No. 1, pp. 5-7). Respondents again assert that the Petition is time-barred and that the claim raised in Turner's Motion to Correct an Illegal Sentence is not a valid challenge under Maryland Rule 4-345(a) that would toll the one-year limitations period. (ECF

---

[7] His Petition is deemed filed on the date of signing. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[8] Turner also alleges that the Eighth Amendment was violated with regard to the length of his sentence, which he claims was improperly modified and increased by the Circuit Court. The Court notes that Turner was granted relief with regard to his claim concerning improper upward modification of sentence on November 7, 2013, when the Court of Special Appeals held that the Circuit Court acted without authority in restructuring Turner's sentences, and corrected any sentencing ambiguity by explicitly recalculating Turner's sentences, resulting in a modified 35-year term of incarceration. The claim as presented in the state courts focused solely on interpretation of Maryland rules and procedure, and not the Eighth Amendment. (ECF No. 3-3, pp. 5-6). As this claim implicates state – not federal – law, it is not cognizable on federal habeas corpus review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (claim regarding admissibility of evidence that neither relied upon a constitutional provision, nor mentioned a constitutional right as infringed, did not state federal claim).

...

...

...

No. 16 at 4-7). Respondents further argue that even if this Court finds that the Motion to Correct an Illegal sentence tolled the limitations period, the habeas Petition nonetheless is time-barred. (*Id.* at 7; ECF No. 3 at 5-6).

**Analysis**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is, however, tolled while properly filed post-conviction proceedings or other collateral review proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011).

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run on December 13, 2007, and was tolled on June 8, 2008, when Turner filed for post-conviction review. At this juncture, 177 days (more than five months) of the 365-day limitations period had expired.

In their initial Response, Respondents argue that the application for leave to appeal was not properly filed and, thus, Turner's post-conviction remedies became final on December 8, 2010, when the time for seeking leave to appeal expired.[9] Turner refutes this argument, claiming

---

[9] Maryland Rule 8-204(b) provides that an application for leave to appeal must be filed within 30 days after the entry of judgment or the order from which the appeal is sought.

he is entitled to tolling of the limitations period based on several ambiguities and errors in the state record, none of which is attributable to him. (ECF No. 5, pp. 3-6 and attachments thereto).

The Court finds Turner's argument persuasive. The January 19, 2011, Show Cause Order, issued after the Application for Leave to Appeal was filed, clearly lists Turner's name and criminal case number in the caption, but references "appellant, Patrick Keith Holmes," as the individual who failed to timely file an application for leave to appeal. (ECF No. 5, p. 13). In a letter dated January 25, 2011, Turner asked the Clerk to clarify the obvious error. (*Id.*, p. 14). Two months passed without clarification before the appeal was summarily dismissed by the Circuit Court on March 29, 2011. Turner then unsuccessfully moved the Circuit Court to correct the Show Cause Order (*id.*, p. 23, docket entries of April 7 and April 13, 2011), before filing a May 24, 2011, notice of appeal directly to the Court of Special Appeals. (*Id.*). Turner further notes that in its unreported July 24, 2012, opinion, the Court of Special Appeals states that "[t]he application of Shahid Turner for leave to appeal from a denial of petition for post conviction relief, having been read and considered, is denied."[10] (ECF No. 5, pp. 10-11). He contends that this language demonstrates that the intermediate appellate court did not find his application for leave to appeal untimely, but instead examined the merits of his application for leave to appeal. (ECF No. 18 at 3-4).

Fairness dictates a finding that Turner's post-conviction remedies became final on July 24, 2012, when the Court of Special Appeals denied his application for leave to appeal. At that juncture, 188 days of the one-year limitations period remained. This determination, however, does not salvage Turner's request for federal habeas review.

Although the clock was ticking, Turner did not promptly file a federal habeas petition.

---

[10] The mandate issued on August 24, 2012. (ECF No. 3-1, p. 25, entry of October 24, 2012).

Instead, Turner chose to return to the state courts to contest the application of Maryland law to his sentence structure – a claim not cognizable here.[11] Nearly two years passed between the completion of post-conviction review and the completion of sentencing review, and an additional two months elapsed before the filing of the instant petition. Unless the Motion to Correct an Illegal Sentence is construed as a collateral review proceeding sufficient to provide a basis for statutory tolling, Turner's habeas corpus petition must be deemed time-barred.

In *Wall v Kholi*, 562 U.S. 545, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S.Ct. at 1281–82. The Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review," *id.* at 1282, and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.*[12]

Examination of Maryland law leads to the conclusion that Turner's motion to correct did not serve to toll the limitations period under *Kholi*. In *Bryant v. State*, 436 Md. 653 (2014), the Court of Appeals of Maryland addressed the scope of a challenge to the legality of a sentence under Rule 4-345(a), including the limited right of appeal pursuant to that rule. *See State v. Kanaras*, 357 Md. 170, 184 (1999) (addressing right of appeal from denial of motion to correct

---

[11] Essentially, Turner sought re-examination of the computation of his sentence, an issue which had been examined by the post-conviction court. (ECF No. 16-4 at 3-5, 12-13).

[12] *Kholi* abrogated *Walkowiak v Haines*, 272 F.3d 234, 237 (4th Cir. 2001), which had instructed that determining collateral review turns on whether the motion is part of the criminal case or is a separate proceeding.

an illegal sentence); *accord State v. Wilkins*, 393 Md. 269, 273 (2006). Citing its prior decisions, the appellate court reaffirmed the limited exception for review provided by Rule 4-345(a), *Bryant*, 436 Md. at 662-64 & n. 4, finding that the "limited exception to the general rule of finality" for an appeal from a ruling under Rule 4-345(a), "only applies to sentences that are 'inherently' illegal." *Id.*, 436 Md. at 662 (citations omitted). The court explained that the "'inherently' illegal" category is limited to the nature of the sentence itself, *i.e.*, "there either had been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Bryant*, 436 Md. at 662-63 (citations omitted.).

While a motion to correct an illegal sentence that meets the strict criteria set forth in *Bryant* likely would toll the § 2244 limitations period under *Kholi,* such a finding cannot be made here. The Court of Special Appeals, in an opinion filed before *Bryant* issued, did not agree that Turner's sentence was illegal for reasons stated by Turner, or find that Turner's sentence was intrinsically or substantively unlawful. ECF No. 3-3. Pursuant to the court's disposition, Turner's sentence of 35 years in prison remained unchanged. *Id.*

Turner filed the Motion to Correct an Illegal Sentence in the Circuit Court on February 27, 2012. The Motion resulted in clarification of his aggregate sentences, and became final on February 14, 2014, the date on which the Maryland Court of Appeals declined further review. (ECF No. 3-2 and 3-3). Under Maryland law, such motion implicates the revisory power of the court and may be filed at any time. *See* Maryland Rule 4-345(a). The pendency of this Motion – which does not implicate a cognizable habeas claim -- does not provide a basis for statutory tolling of the limitations period.

In order to be entitled to equitable tolling, Turner must establish that either some

wrongful conduct by Respondents contributed to the delay in filing and completing state post judgment remedies, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Nothing in the record suggests that some extraordinary circumstance prevented Turner from seeking federal habeas corpus relief following the conclusion of post-conviction review. Turner simply was not diligent. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requiring petitioner to diligently pursue claim to be eligible for equitable tolling). To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Turner has not met his burden demonstrating that statutory or equitable tolling is warranted. Thus, his claims for habeas corpus relief, to the extent they are cognizable, are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Turner has not made a "substantial showing of the denial of a constitutional right."[13] A separate Order follows.

October 2, 2015
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[13] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Turner from requesting a Certificate of Appealability from the appellate court.